## SHEEHY v. CHALMERS.

### No. 15,324; April 23, 1894.

36 Pac. 514.

**Action on Note—Judgment Payable in Gold Coin.**—Under Code of Civil Procedure, section 667, providing that judgments in suits on contracts or obligations in writing for the direct payment of money may be made payable in the kind of money specified therein, a judgment payable in "U. S. gold coin" is not erroneous, when the note on which it is rendered is payable in "U. S. gold coin."

**Action on Note—Admission of Execution in Answer.**—Where the answer to a complaint on a promissory note expressly admits its execution, it is unnecessary to introduce it in evidence.

APPEAL from Superior Court, Santa Cruz County; J. F. McCann, J.

Action by James Sheehy against W. P. Chalmers on a promissory note. From a judgment for plaintiff, and an order dismissing his motion for new trial, for want of prosecution, defendant appeals. Judgment and order affirmed.

Eugene N. Deuprey for appellant; Julius Lee for respondent.

BELCHER, C.—On January 5, 1891, the defendant executed to the plaintiff his promissory note, whereby he promised to pay plaintiff, one day after date, $1,050 "in U. S. gold coin," with interest, etc. On December 1, 1891, the plaintiff commenced this action to recover the amount due on the note, and prayed judgment for the amount "in the gold coin of the United States." The complaint was verified, and a complete copy of the note was set out therein. The answer of the defendant "admits the making of the promissory note alleged and set forth in said complaint," and the only defense interposed is an allegation "that it was understood and agreed that the sum sued for in this action was not to become due or payable until after the defendant herein had received sixty days' previous notice, which notice should be given by plaintiff to defendant before the same should become due or

payable''; and a further allegation ''that the plaintiff failed
and neglected to give sixty days' notice, and that the said
sum sued for in this action, and that said promissory note,
is not due or payable, and that the action herein is prema-
ture.'' At the trial the plaintiff testified that he was the
owner and holder of the note sued upon, and that no part of
it had been paid, and then rested his case. The defendant
thereupon moved for a nonsuit, upon the ground ''that there
had not been any alleged promissory note, or aught pertaining
thereto, introduced in evidence.'' The court denied the mo-
tion, and evidence relating to the affirmative defense set up
in the answer was then introduced by both sides. The court
found, among other things, ''that there was not at any time
any understanding or agreement whatever between the parties
hereto respecting said note sued on, or the time of the payment
thereof, other than, or different from, that expressed in said
note,'' and gave judgment for the plaintiff according to the
prayer of his complaint. The defendant moved for a new
trial, which was dismissed for want of prosecution, and has
appealed from the judgment and order dismissing his motion.
Two points only are made for a reversal. They are (1) that
the judgment was erroneous in so far as it made the amount
adjudged to be due payable ''in the gold coin of the United
States''; and (2) that the court should have granted the de-
fendant's motion for a nonsuit because, ''at the trial, no note
was offered in evidence, and there was no attempt to account
for its absence.''

1. The code provides that: ''In an action on a contract or
obligation in writing for the direct payment of money, made
payable in a specified kind of money or currency, judgment
for the plaintiff, whether it be by default or after verdict,
may follow the contract or obligation, and be made payable
in the kind of money or currency specified therein'': Code
Civ. Proc., sec. 667. This action was a contract in writing
for the direct payment of money, made payable in ''U. S. gold
coin.'' There was no error, therefore, in making the judgment
payable in the kind of money specified in the contract: Car-
pentier v. Atherton, 25 Cal. 564.

2. It was not necessary to introduce the note in evidence,
or to exhibit it at the trial. Its execution was expressly ad-
mitted by the answer, and the rule is elementary that no proof

is required as to matters not in issue. It is said that "the plaintiff totally ignored the law as to the distinction between primary and secondary evidence," but no question as to primary and secondary evidence arose in the case. No good purpose would have been subserved by producing the note, and the court, therefore, did not err in denying the motion for nonsuit. We see no merit in the appeal, and advise that the judgment and order be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed, and the respondent is allowed $50 damages as a part of his costs on the appeal herein.